**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., and MITEK SYSTEMS, INC.,<br><br>Defendants. | ) | C.A. No. 14-1144-SLR<br><br>**JURY TRIAL DEMANDED** |

**WELLS FARGO & COMPANY AND WELLS FARGO BANK, N.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS <u>TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff, Rothschild Mobile Imaging Innovations, LLC ("RMII" or "Plaintiff"), filed complaints for patent infringement against several defendants. The remarkably similar wording and content of these complaints reveal a careless approach to the pre-suit investigation required in a patent lawsuit. Wells Fargo & Company is at an entire loss to appreciate Plaintiff's basis for its patent infringement allegations against Wells Fargo & Company, given that Wells Fargo & Company is a mere holding company possessing no products or processes that could possibly infringe. Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") nonetheless file this pleading to respond to Plaintiff's Original Complaint for Patent Infringement ("Complaint") to the best of their ability.

## GENERAL DENIAL

Unless specifically admitted herein, Wells Fargo denies each and every allegation, including each portion and part thereof, contained in the Complaint. Wells Fargo denies that RMII is entitled to any relief, including that requested in RMII's Prayer for Relief.

## THE PARTIES

1. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the same.

2. Wells Fargo & Company admits that it is a Delaware corporation with its main office at 420 Montgomery Street, San Francisco, California 94104. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 2.

3. To the extent paragraph 3 sets forth legal conclusions, no response is required. Wells Fargo Bank, N.A. admits that it is an indirect wholly-owned subsidiary of Wells Fargo & Company and that it is a federally-chartered national banking association. Wells Fargo Bank, N.A. admits that its main office is at 101 N. Phillips Avenue; Sioux Falls, South Dakota 57104. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 3.

4. Wells Fargo & Company is a holding company that does not conduct any business related to RMII's allegations of infringement and it therefore denies the allegations in paragraph 4. Wells Fargo Bank, N.A. admits that it does business with customers who may be located throughout the United States, including within the State of Delaware. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 4.

5. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

## JURISDICTION AND VENUE

7. To the extent paragraph 7 sets forth legal conclusions, no response is required. Wells Fargo admits that the Complaint purports to be an action for patent infringement pursuant to the provisions of the patent laws of the United States of America, Title 35, United States Code, but denies that Wells Fargo has engaged in any such infringement. Wells Fargo, for the proposed action only, admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States, provided that RMII has the necessary legal rights in and to the patents-in-suit—a fact for which Wells Fargo is without knowledge or information. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 7.

8. To the extent paragraph 8 sets forth legal conclusions, no response is required. Wells Fargo admits that this Court has personal jurisdiction over Wells Fargo. Wells Fargo Bank, N.A. admits that it has conducted business within the State of Delaware. Wells Fargo & Company admits that it is incorporated under the laws of the State of Delaware. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within the State of Delaware. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek Systems, Inc. ("Mitek") and therefore denies the same. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 8.

9. To the extent paragraph 9 sets forth legal conclusions, no response is required. Wells Fargo denies that it has committed any act of infringement (including direct, contributory, or by inducement) of the patents-in-suit within this judicial district, or elsewhere. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within the State of Delaware. Wells Fargo is without knowledge or

information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 9.

10. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within this District. Wells Fargo Bank, N.A. admits that it has conducted business within this judicial district. Wells Fargo denies that it has committed any act of infringement of the patents-in-suit separately and/or with any other party. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 10.

11. To the extent paragraph 11 sets forth legal conclusions, no response is required. Wells Fargo Bank admits that this Court has personal jurisdiction over Wells Fargo. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 11.

## JOINDER UNDER 35 U.S.C. § 299

12. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 12.

13. To the extent paragraph 13 sets forth legal conclusions, no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

14. To the extent paragraph 14 sets forth legal conclusions, no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. To the extent paragraph 15 sets forth legal conclusions, no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

## THE PATENTS-IN-SUIT

16. Wells Fargo admits that the face of U.S. Patent No. 7,450,163 ("the '163 patent") bears the title "Device and Method for Embedding and Retrieving Information in Digital Images" and identifies November 11, 2008, as the date of its issuance. Wells Fargo admits that the face of the '163 patent lists Leigh M. Rothschild as the inventor of the '163 patent. Wells Fargo denies that the '163 patent was duly and legally issued. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies the same.

17. Wells Fargo admits that a true and correct copy of the '163 patent appears to be attached to the Complaint as Exhibit A. Wells Fargo denies each and every remaining allegation contained in paragraph 17.

18. Wells Fargo admits that the face page of U.S. Patent No. 7,456,872 ("the '872 patent") bears the title "Device and Method for Embedding and Retrieving Information in Digital Images" and identifies November 25, 2008, as the date of its issuance. Wells Fargo admits that the face of the '872 patent lists Leigh M. Rothschild as the inventor of the '872 patent. Wells Fargo denies that the '872 patent was duly and legally issued. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the same.

19. Wells Fargo admits that a true and correct copy of the ’872 patent appears to be attached to the Complaint as Exhibit B. Wells Fargo denies each and every remaining allegation contained in paragraph 19.

20. Wells Fargo admits that the face page of U.S. Patent No. 7,991,792 (“the ’792 patent”) bears the title “System and Method for Embedding Symbology in Digital Images and Using the Symbology to Organize and Control the Digital Images” and identifies August 2, 2011, as the date of its issuance. Wells Fargo admits that the face of the ’792 patent lists Leigh M. Rothschild as the inventor of the ’792 patent. Wells Fargo denies that the ’792 patent was duly and legally issued. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21. Wells Fargo admits that a true and correct copy of the ’792 patent appears to be attached to the Complaint as Exhibit C. Wells Fargo denies each and every remaining allegation contained in paragraph 21.

22. Wells Fargo admits that the face page of U.S. Patent No. 7,995,118 (“the ’118 patent”) bears the title “Device and Method for Embedding and Retrieving Information in Digital Images” and identifies August 9, 2011, as the date of issuance. Wells Fargo admits that the face of the ’118 patent lists Leigh M. Rothschild as the inventor of the ’118 patent. Wells Fargo denies that the ’118 patent was duly and legally issued. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies the same.

23. Wells Fargo admits that a true and correct copy of the ’118 patent appears to be attached to the Complaint as Exhibit D. Wells Fargo denies each and every remaining allegation contained in paragraph 23.

**COUNT I: ALLEGED PATENT INFRINGEMENT OF U.S. PATENT 7,450,163**

24. Wells Fargo incorporates paragraphs 1 through 23 as though fully set forth herein. Wells Fargo denies that it has in any way committed any act of patent infringement.

25. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 25.

26. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 27.

28. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 28.

**COUNT II: ALLEGED PATENT INFRINGEMENT OF U.S. PATENT 7,456,872**

29. Wells Fargo incorporates paragraphs 1 through 23 as though fully set forth herein. Wells Fargo denies that it has in any way committed any act of patent infringement.

30. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 30.

31. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

32. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 32.

33. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 33.

34. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 34.

## COUNT III: ALLEGED PATENT INFRINGEMENT OF U.S. PATENT 7,991,792

35. Wells Fargo incorporates paragraphs 1 through 23 as though fully set forth herein. Wells Fargo denies that it has in any way committed any act of patent infringement.

36. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 36.

37. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 38.

39. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 39.

**COUNT IV: ALLEGED PATENT INFRINGEMENT OF U.S. PATENT 7,995,118**

40. Wells Fargo incorporates paragraphs 1 through 23 as though fully set forth herein. Wells Fargo denies that it has in any way committed any act of patent infringement.

41. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 41.

42. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 43.

44. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Mitek and therefore denies the same. Wells Fargo denies each and every remaining allegation contained in paragraph 44.

**CONCLUSION**

45. Wells Fargo denies the allegations contained in paragraph 45.

46. Wells Fargo denies the allegations contained in paragraph 46.

47. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies the same.

48. Wells Fargo denies the allegations contained in paragraph 48.

**PRAYER FOR RELIEF**

49. Wells Fargo denies that RMII is entitled to judgment in its favor or any other relief, including, without limitation, the allegations of paragraphs A-G under the Prayer for Relief section.

## JURY DEMAND

Plaintiff's jury demand does not require a response.

## AFFIRMATIVE DEFENSES

1. Subject to the responses above, Wells Fargo alleges and asserts the following affirmative defenses in response to the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described herein, Wells Fargo specifically reserves all rights to allege additional affirmative defenses that become known throughout the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
**(Invalidity)**

2. Each and every claim of U.S. Patent Nos. 7,450,163, 7,456,872, 7,991,792, 7,995,118 (collectively, "the patents-in-suit") is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE
**(Non-Infringement)**

3. Wells Fargo has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise. Wells Fargo does not infringe, and has not infringed, any valid claim of the patents-in-suit under any theory.

4. Wells Fargo Bank, N.A.'s products and/or services are so different in principle from the subject matter claimed in the patents-in-suit, and are so different in function, operation, way and result from the subject matter claimed in the patents-in-suit, that Wells Fargo Bank, N.A.'s products and/or services function in a substantially different way to achieve a

substantially different result from that claimed in the patents-in-suit. Wells Fargo & Company is a holding company possessing no products or services that could possibly infringe.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches, Waiver, and/or Estoppel)**

5. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel. Plaintiff's unreasonable and unexcused delay caused material prejudice to Wells Fargo.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

6. By reason of proceedings in the United States Patent and Trademark Office during prosecution of the claims of the patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicant(s) for the patents-in-suit, the scope of the claims of the patents-in-suit are limited. As a result of these limitations on claim scope, RMII is estopped from construing the claims of the patents-in-suit in any way to cover any of Wells Fargo Bank, N.A.'s products, methods, and/or services under the Doctrine of Equivalents, and Wells Fargo & Company is a holding company possessing no products or services that could possibly infringe, and so RMII's assertion of the patents-in-suit against Wells Fargo is without merit.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

7. Pursuant to 35 U.S.C. §§ 286 and/or 287, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit. Further, Plaintiff's damages, if any, against Wells Fargo for alleged infringement of the asserted patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

8. Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

9. Plaintiff's Complaint fails to state a claim upon which relief can be granted and/or sufficient to constitute a cause of action against Wells Fargo.

**EIGHTH AFFIRMATIVE DEFENSE**
**(License and/or Patent Exhaustion)**

10. Plaintiff's claims are barred in whole or in part based on the doctrine of patent exhaustion and/or implied license.

**NINTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

11. Plaintiff's claims are barred under the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**
**(No Enhanced Damages)**

12. Plaintiff's claims for enhanced damages and/or an award of fees and costs against Wells Fargo have no bases in fact or law and should be denied.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Patent Misuse)**

13. Plaintiff's claims are barred under the doctrine of patent misuse.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Notice)**

14. Plaintiff is prohibited from recovering damages for activities alleged to have occurred before RMII gave Wells Fargo actual notice of infringement.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

15. Wells Fargo has engaged in all relevant activities and at all relevant times in good faith, thereby precluding RMII, even if it prevails, from recovering attorneys' fees and/or costs under 35 U.S.C. § 285 for the patents-in-suit.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Standing)**

16. Plaintiff lacks standing to enforce the patents-in-suit.

**COUNTERCLAIMS**

17. As set forth above, Wells Fargo Bank, N.A. and Wells Fargo & Company (collectively, "Wells Fargo") deny that venue is proper and convenient in District of Delaware. Accordingly, the Counterclaims asserted below in no way constitute a waiver of Wells Fargo's contentions concerning venue or any other defense asserted by Wells Fargo. Thus, subject to and without waiving any of the foregoing defenses, Wells Fargo asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Rothschild Mobile Imaging Innovations, LLC ("RMII").

**The Parties**

18. Counterclaim-Plaintiff Wells Fargo Bank, N.A. is a national banking association organized and existing under the laws of the State of Delaware with its main office located in Sioux Falls, South Dakota.

19. Counterclaim-Plaintiff Wells Fargo & Company is a Delaware corporation with its main office located in San Francisco, California.

20. According to the allegations of its Complaint, Counterclaim-Defendant Rothschild Mobile Imaging Innovations, LLC is a limited liability company having a principal office at 1108 Kane Concourse, Suite 310; Bay Harbor Islands, Florida 33154.

**Jurisdiction and Venue**

21. Subject to Wells Fargo's affirmative defenses and denials, these Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

22. This Court has personal jurisdiction over RMII because RMII has voluntarily appeared and consented to the jurisdiction of this Court by filing its claim for patent infringement in this judicial district.

23. Subject to Wells Fargo's affirmative defenses and denials, including but not limited to Wells Fargo's denial that venue is proper or convenient, venue is proper as to RMII pursuant to 28 U.S.C. §§ 1391 and 1400(b).

24. Counterclaim-Defendant RMII has filed suit in this matter asserting infringement by Wells Fargo & Company, Wells Fargo Bank, N.A., and Mitek Systems, Inc. of United States Patent Nos. 7,450,163 ("the '163 patent"), 7,456,872 ("the '872 patent"), 7,991,792 ("the '792 patent"), and 7,995,118 ("the '118 patent") (collectively, "the patents-in-suit"). Wells Fargo denies this assertion and requests a judicial declaration that: (i) it does not infringe any valid, enforceable claim of the patents-in-suit; and (ii) the patents-in-suit are invalid. Therefore, pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Wells Fargo and Counterclaim-Defendant RMII concerning the alleged infringement and validity of the patents-in-suit.

25. Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), Wells Fargo is entitled to a declaratory judgment that it has not infringed any valid and

enforceable claim of the patents-in-suit and that the referenced patents are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement)**

26. Wells Fargo incorporates by reference the statements and allegations set forth in paragraphs 17-25 with the same force and effect as though fully rewritten herein.

27. On or about September 8, 2014, Counterclaim-Defendant RMII filed its complaint for patent infringement asserting that Wells Fargo infringes the patents-in-suit.

28. Wells Fargo has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of the patents-in-suit, willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

29. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant RMII's allegations against Wells Fargo, an actual and justiciable controversy has arisen and exists between Wells Fargo and RMII regarding RMII's allegations of infringement of the patents-in-suit.

30. Wells Fargo is therefore entitled to a judicial determination and declaration that it has not infringed and does not infringe any claim of the patents-in-suit.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Invalidity)**

31. Wells Fargo incorporates by reference the statements and allegations set forth in paragraphs 17-25 with the same force and effect as though fully rewritten herein.

32. The patents-in-suit are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

33. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant RMII's allegations against Wells Fargo, an actual and justiciable controversy has arisen and exists between Wells Fargo and RMII regarding the validity of the patents-in-suit.

34. Wells Fargo is therefore entitled to a judicial determination and declaration that the patents-in-suit are invalid.

## EXCEPTIONAL CASE

35. Wells Fargo incorporates by reference the statements and allegations set forth in paragraphs 17-25 with the same force and effect as though fully rewritten herein.

36. This case is an exceptional case entitling Wells Fargo to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, RMII's actions and assertion of the patents-in-suit against Wells Fargo with the knowledge that the patents-in-suit are non-infringed, invalid, and/or unenforceable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Wells Fargo hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Enter judgment in favor of Wells Fargo on all counts and counterclaims;

b. Adjudge, declare, and decree that Wells Fargo has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise;

c. Adjudge, declare, and decree that the claims of the patents-in-suit are invalid;

d. Dismiss RMII's Complaint with prejudice and order that RMII take nothing from Wells Fargo;

e. Award all costs of this case to Wells Fargo;

f. Declare this case exceptional under 35 U.S.C. § 285 (or otherwise) and award Wells Fargo its reasonable attorneys' fees, expenses, and costs incurred in this action, along with prejudgment interest; and

g. Award Wells Fargo such other and further relief as this Court deems just and proper.

ASHBY & GEDDES

/s/ *Steven J. Balick*

Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*
*Wells Fargo & Company and Wells Fargo Bank, N.A.*

*Of Counsel:*

John G. Flaim
Jay F. Utley
Mackenzie M. Martin
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
(214) 978-3000
john.flaim@bakermckenzie.com
jay.utley@bakermckenzie.com
mackenzie.martin@bakermckenzie.com

Dated: October 30, 2014