**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **Case 1:14-cv-01144-SLR** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., AND MITEK SYSTEMS, INC.** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

# PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com
stamoulis@swdelaw.com

*Of Counsel*:

Michael W. Shore *pro hac vice pending*
Alfonso Garcia Chan *pro hac vice pending*
Andrew M. Howard *pro hac vice pending*
Dustin R. Lo *pro hac vice pending*
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
ahoward@shorechan.com
dlo@shorechan.com

**ATTORNEYS FOR PLAINTIFF ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC**

Plaintiff Rothschild Mobile Imaging Innovations, LLC ("RMII") answers herein the Counterclaims of Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.'s (collectively "Wells Fargo") with numbered paragraphs corresponding to the like-numbered paragraphs of the Counterclaims (D.I. 16 pp. 13-17) as follows.

## COUNTERCLAIMS

17. RMII denies that venue is improper or inconvenient in the District of Delaware and contends that Wells Fargo's assertions of counterclaims is an admission that venue is proper and convenient in the District of Delaware. RMII further denies that Wells Fargo's reservations of rights are proper. RMII admits that Wells Fargo has asserted counterclaims against RMII but denies those counterclaims have any merit. RMII denies any remaining allegations in Paragraph 17 of Wells Fargo's Counterclaims.

### The Parties

18. RMII admits the allegations in Paragraph 18 of Wells Fargo's Counterclaims.

19. RMII admits the allegations in Paragraph 19 of Wells Fargo's Counterclaims.

20. RMII admits the allegations in Paragraph 20 of Wells Fargo's Counterclaims.

### Jurisdiction and Venue

21. Wells Fargo's Counterclaim Paragraph 21 contains only legal conclusions and therefore does not require a response. RMII denies that Wells Fargo's counterclaims can be "subject to" its "defenses and denials."

22. RMII admits the allegations in Paragraph 22 of Wells Fargo's Counterclaims.

23. RMII admits that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). RMII denies that venue is improper or inconvenient, that Wells Fargo's counterclaims can be

"subject to" its "defenses and denials" and further denies any remaining allegations in Paragraph 23.

24. RMII admits that it filed suit asserting infringement by Wells Fargo & Company, Wells Fargo Bank, N.A., and Mitek Systems, Inc. of U.S. Patent Nos. 7,450,163 ("the '163 patent"), 7,456,872 ("the '872 patent"), 7,991,792 ("the '792 patent"), and 7,995,118 ("the '118 patent") (collectively, "the patents-in-suit"). RMII admits that Wells Fargo denies infringement and requests a judicial declaration. RMII denies that Wells Fargo's denial or requested judicial declaration have any merit. RMII denies that Wells Fargo "does not infringe any valid, enforceable claim of the patents-in-suit." RMII denies that "the patents-in-suit are invalid." RMII admits that "an actual and justiciable controversy has arisen" between RMII and Wells Fargo based solely upon Wells Fargo's denial of infringement and validity. RMII further denies any and all remaining allegations contained in Paragraph 24 of Wells Fargo's Counterclaims.

25. RMII admits that Wells Fargo seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. RMII denies that Wells Fargo "is entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the patents-in-suit and that the referenced patents are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112." RMII further denies any and all remaining allegations contained in Paragraph 25 of Wells Fargo's Counterclaims.

## FIRST COUNTERCLAIM
## (Declaratory Judgment of Non-Infringement)

26. Paragraph 26 merely incorporates by reference the averments contained in Paragraphs 17-25 of Wells Fargo's Counterclaims. In response, RMII incorporates by reference its answers to Paragraphs 17-25.

27. RMII admits the allegations in Paragraph 27 of Wells Fargo's Counterclaims.

28. RMII denies all allegations in Paragraph 28 of Wells Fargo's Counterclaims.

29. RMII admits that Wells Fargo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a). RMII admits that an actual and justiciable controversy has arisen between Wells Fargo and RMII based solely upon Wells Fargo's denials of RMII's claims. RMII denies any remaining allegations in Paragraph 29.

30. RMII denies the allegations in Paragraph 30 of Wells Fargo's Counterclaims.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

31. Paragraph 31 merely incorporates by reference the averments contained in Paragraphs 17-25 of Wells Fargo's Counterclaims. In response, RMII incorporates by reference its answers to Paragraphs 17-25.

32. RMII denies the allegations in Paragraph 32 of Wells Fargo's Counterclaims.

33. RMII admits that Wells Fargo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a). RMII admits that an actual and justiciable controversy has arisen between Wells Fargo and RMII based solely upon Wells Fargo's denials of RMII's claims. RMII denies any remaining allegations in Paragraph 33.

34. RMII denies the allegations in Paragraph 34 of Wells Fargo's Counterclaims.

## EXCEPTIONAL CASE

35. Paragraph 35 merely incorporates by reference the averments contained in Paragraphs 17-25 of Wells Fargo's Counterclaims. In response, RMII incorporates by reference its answers to Paragraphs 17-25.

36. RMII denies the allegations contained in Paragraph 36 of Wells Fargo's Counterclaims.

## JURY DEMAND

37. RMII hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

38. RMII denies all allegations contained in Wells Fargo's Prayer for Relief, and further denies that any relief should be granted to Wells Fargo, as requested in its counterclaims, or otherwise.

Dated: November 24, 2014

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080
Stamatios Stamoulis #4606
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
weinblatt@swdelaw.com
stamoulis@swdelaw.com

*Of Counsel*:

Michael W. Shore *pro hac vice pending*
Alfonso Garcia Chan *pro hac vice pending*
Dustin Lo *pro hac vice pending*
**SHORE CHAN DEPUMPO LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
dlo@shorechan.com

**ATTORNEYS FOR PLAINTIFF**
**ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC**