**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ROTHSCHILD MOBILE IMAGING INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., FISERV, INC., and MITEK SYSTEMS, INC.,<br><br>Defendants. | ) | C.A. No. 1:14-cv-01144-GMS<br><br>JURY TRIAL DEMANDED |

**WELL'S FARGO & COMPANY'S AND WELLS FARGO BANK, N.A.'S ANSWER AND WELLS FARGO BANK, N.A.'S COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Rothschild Mobile Imaging Innovations, LLC ("RMII" or "Plaintiff"), filed complaints for patent infringement against several defendants. The remarkably similar wording and content of these complaints reveal a careless approach to the pre-suit investigation required in a patent lawsuit. Wells Fargo & Company is at an entire loss to appreciate Plaintiff's basis for its patent infringement allegations against Wells Fargo & Company, given that Wells Fargo & Company is a mere holding company possessing no products or processes that could possibly infringe. Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") nonetheless file this pleading to respond to Plaintiff's First Amended Complaint for Patent Infringement ("Complaint") to the best of their ability and assert affirmative defenses and counterclaims as set forth below.

## GENERAL DENIAL

Unless specifically admitted herein, Wells Fargo denies each and every allegation, including each portion and part thereof, contained in RMII's Complaint. Wells Fargo denies that RMII is entitled to any relief, including that requested in RMII's Prayer for Relief.

**THE PARTIES**

1. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the same.

2. Wells Fargo & Company admits that it is a Delaware corporation with its main office at 420 Montgomery Street, San Francisco, California 94104. Wells Fargo & Company admits that Corporation Service Company at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 is its registered agent for service of process. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 2.

3. To the extent paragraph 3 sets forth legal conclusions, no response is required. Wells Fargo Bank, N.A. admits that it is an indirect wholly-owned subsidiary of Wells Fargo & Company and that it is a federally-chartered national banking association. Wells Fargo Bank, N.A. admits that its main office is at 101 N. Phillips Avenue; Sioux Falls, South Dakota 57104. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 3.

4. Wells Fargo & Company is a holding company that does not conduct any business related to RMII's allegations of infringement and it therefore denies the allegations in paragraph 4. Wells Fargo Bank, N.A. admits that it does business with customers who may be located throughout the United States, including within the State of Delaware. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 4.

5. No response is required from Wells Fargo because the allegations in Paragraph 5 of the Complaint are not directed to Wells Fargo.

6. No response is required from Wells Fargo because the allegations in Paragraph 6 of the Complaint are not directed to Wells Fargo.

7. No response is required from Wells Fargo because the allegations in Paragraph 7 of the Complaint are not directed to Wells Fargo.

8. No response is required from Wells Fargo because the allegations in Paragraph 8 of the Complaint are not directed to Wells Fargo.

**JURISDICTION AND VENUE**

9. To the extent paragraph 9 sets forth legal conclusions no response is required. Wells Fargo admits that the Complaint purports to be an action for patent infringement pursuant to the provisions of the patent laws of the United States of America, Title 35, United States Code, but denies that Wells Fargo has engaged in such infringement. Wells Fargo, for the proposed action only, admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States, provided that RMII has the necessary legal rights in and to the patents-in-suit – a fact with respect to which Wells Fargo is without knowledge or information. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 9.

10. To the extent paragraph 10 sets forth legal conclusions no response is required. Wells Fargo admits that this Court has personal jurisdiction over Wells Fargo. Wells Fargo Bank, N.A. and admits that it has conducted business within the State of Delaware. Wells Fargo & Company admits that is incorporated under the laws of the State of Delaware. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within the State of Delaware. No response is required from Wells Fargo to the extent that the allegations in Paragraph 10 of the Complaint are not directed to Wells Fargo. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 10.

11. To the extent paragraph 11 sets forth legal conclusions, no response is required. Wells Fargo denies that it has committed any act of infringement (including direct, contributory, or by inducement) of the patents-in-suit within this judicial district, or elsewhere. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within the State of Delaware. No response is required from Wells Fargo to the extent that the allegations in Paragraph 11 of the Complaint are not directed to Wells Fargo. Wells Fargo denies each and every remaining allegation contained in paragraph 11.

12. Wells Fargo & Company denies that it has conducted or conducts any business related to RMII's allegations of infringement, including within this District. Wells Fargo Bank, N.A. admits that it has conducted business within this judicial district. Wells Fargo denies that it has committed any act of infringement of the patents-in-suit separately and/or with any other party. No response is required from Wells Fargo to the extent that the allegations in Paragraph 12 of the Complaint are not directed to Wells Fargo. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 12.

13. To the extent paragraph 13 sets forth legal conclusions no response is required. Wells Fargo & Company admits that is incorporated under the laws of the State of Delaware. Wells Fargo admits that this Court has personal jurisdiction over Wells Fargo. No response is required from Wells Fargo to the extent that the allegations in paragraph 13 are not directed to Wells Fargo. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 13.

**JOINDER UNDER 35 U.S.C. § 299**

14. No response is required from Wells Fargo to the extent that the allegations in paragraph 14 are not directed to Wells Fargo. Wells Fargo denies each and every remaining allegation contained in paragraph 14.

15. To the extent paragraph 15 sets forth legal conclusions no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

16. To the extent paragraph 16 sets forth legal conclusions no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the same.

17. To the extent paragraph 17 sets forth legal conclusions no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies same.

**THE PATENTS-IN-SUIT**

18. Wells Fargo admits that the face of United States Patent No. 7,450,163 bears the title “Device and Method for Embedding and Retrieving Information in Digital Images” and identifies November 11, 2008 as the date of its issuance. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies the same.

19. Wells Fargo admits that a true and correct copy of the ’163 Patent appears to be attached to the Complaint as Exhibit A. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 19.

20. Wells Fargo admits that the face of United States Patent No. 7,456,872 bears the title "Device and Method for Embedding and Retrieving Information in Digital Images" and identifies November 25, 2008 as the date of its issuance. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21. Wells Fargo admits that a true and correct copy of the '872 Patent appears to be attached to the Complaint as Exhibit B. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 21.

22. Wells Fargo admits that the face of United States Patent No. 7,991,792 bears the title "System and Method for Embedding Symbology in Digital Images and Using the Symbology to Organize and Control the Digital Images" and identifies August 2, 2011 as the date of issuance. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies the same.

23. Wells Fargo admits that a true and correct copy of the '792 Patent appears to be attached to the Complaint as Exhibit C. Except as expressly admitted herein, Wells Fargo denies each and every allegation contained in paragraph 22.

24. Wells Fargo admits that the face of United States Patent No. 7,995,118 bears the title "Device and Method for Embedding and Retrieving Information in Digital Images" and identifies August 9, 2011 as the date of issuance. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies the same.

25. Wells Fargo admits that a true and correct copy of the '118 Patent appears to be attached to the Complaint as Exhibit D. Except as expressly admitted herein, Wells Fargo denies

each and every allegation contained in paragraph 25.

**COUNT I: INFRINGEMENT OF U.S. PATENT 7,450,163**

26. Paragraphs 1 through 25 are incorporated by reference as if fully stated herein.

27. Denied.

28. No response is required from Wells Fargo because the allegations in paragraph 28 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies the same.

29. Denied.

30. No response is required from Wells Fargo because the allegations in paragraph 30 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies the same.

31. To the extent paragraph 31 sets forth legal conclusions no response is required. Wells Fargo admits that the Court previously dismissed RMII's willfulness claim (Case No. 1:14-cv-00617, D.I. 51) but denies that RMII is entitled to replead its dismissed allegations. Wells Fargo denies having pre-suit knowledge of the '163 patent or pre-suit notice of RMII's charge of infringement of the '163 patent.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. No response is required from Wells Fargo to the extent that the allegations in

paragraph 37 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies the same.

38. To the extent paragraph 38 sets forth legal conclusions no response is required. Wells Fargo denies that it has infringed, either directly or indirectly, or willfully infringed the ’163 patent.

39. Denied.

40. Denied.

**COUNT II: INFRINGEMENT OF U.S. PATENT 7,456,872**

41. Paragraphs 1 through 25 are incorporated by reference as if fully stated herein.

42. Denied.

43. No response is required from Wells Fargo because the allegations in paragraph 43 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same.

44. Denied.

45. No response is required from Wells Fargo because the allegations in paragraph 45 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies the same.

46. To the extent paragraph 46 sets forth legal conclusions no response is required. Wells Fargo admits that the Court previously dismissed RMII’s willfulness claim (Case No. 1:14-cv-00617, D.I. 51) but denies that RMII is entitled to replead its dismissed allegations. Wells

Fargo denies having pre-suit knowledge of the ’872 patent or pre-suit notice of RMII’s charge of infringement of the ’872 patent.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. No response is required from Wells Fargo to the extent that the allegations in paragraph 52 are not directed to Wells Fargo and to the extent paragraph 52 sets forth legal conclusions. To the extent a response is required, Wells Fargo denies the allegations.

53. No response is required from Wells Fargo to the extent that the allegations in paragraph 53 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies the same.

54. To the extent paragraph 54 sets forth legal conclusions no response is required. Wells Fargo denies that it has infringed, either directly or indirectly, or willfully infringed the ’872 patent.

55. Denied.

56. Denied.

**COUNT III: INFRINGEMENT OF U.S. PATENT 7,991,792**

57. Paragraphs 1 through 25 are incorporated by reference as if fully stated herein.

58. Denied.

59. No response is required from Wells Fargo because the allegations in paragraph 59

are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies the same.

60. Denied.

61. No response is required from Wells Fargo because the allegations in paragraph 61 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies the same.

62. To the extent paragraph 62 sets forth legal conclusions no response is required. Wells Fargo admits that the Court previously dismissed RMII's willfulness claim (Case No. 1:14-cv-00617, D.I. 51) but denies that RMII is entitled to replead its dismissed allegations. Wells Fargo denies having pre-suit knowledge of the '792 patent or pre-suit notice of RMII's charge of infringement of the '792 patent.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. No response is required from Wells Fargo to the extent that the allegations in paragraph 68 are not directed to Wells Fargo and to the extent paragraph 68 sets forth legal conclusions. To the extent a response is required, Wells Fargo denies the allegations.

69. No response is required from Wells Fargo because the allegations in paragraph 69 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies the same.

70. To the extent paragraph 70 sets forth legal conclusions no response is required. Wells Fargo denies that it has infringed, either directly or indirectly, or willfully infringed the ’792 patent.

71. Denied.

72. Denied.

**COUNT IV: INFRINGEMENT OF U.S. PATENT 7,995,118**

73. Paragraphs 1 through 25 are incorporated by reference as if fully stated herein.

74. Denied.

75. No response is required from Wells Fargo because the allegations in paragraph 75 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies the same.

76. Denied.

77. No response is required from Wells Fargo because the allegations in paragraph 77 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies the same.

78. To the extent paragraph 78 sets forth legal conclusions no response is required. Wells Fargo admits that the Court previously dismissed RMII’s willfulness claim (Case No. 1:14-cv-00617, D.I. 51) but denies that RMII is entitled to replead its dismissed allegations. Wells Fargo denies having pre-suit knowledge of the ’118 patent or pre-suit notice of RMII’s charge of

infringement of the ’118 patent.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. No response is required from Wells Fargo because the allegations in paragraph 84 are not directed to Wells Fargo. To the extent a response is required, Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies the same.

85. To the extent paragraph 85 sets forth legal conclusions no response is required. Wells Fargo denies that it has infringed, either directly or indirectly, or willfully infringed the ’118 patent

86. Denied.

87. Denied.

## CONCLUSION

88. Denied.

89. Denied.

90. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies the same.

91. To the extent paragraph 91 sets forth legal conclusions no response is required. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies same.

## PRAYER FOR RELIEF

Wells Fargo denies that RMII is entitled to the relief requested in Paragraphs A – G of RMII's Prayer for Relief, and denies that RMII is entitled to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Wells Fargo alleges and asserts the following defenses in response to the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the defenses described herein, Wells Fargo specifically reserves all rights to allege additional defenses that become known throughout the course of discovery.

### First Defense

### (Failure to State Sufficient Facts to Constitute Claims)

RMII's Complaint fails to state a claim on which relief may be granted.

### Second Defense

### (Non-Infringement)

Wells Fargo has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise. Wells Fargo does not infringe, and has not infringed, any valid claim of the patents-in-suit under any theory.

Wells Fargo Bank, N.A.'s products and/or services are so different in principle from the subject matter claimed in the patents-in-suit, and are so different in function, operation, way and result from the subject matter claimed in the patents-in-suit, that Wells Fargo Bank, N.A.'s products and/or services function in a substantially different way to achieve a substantially

different result from that claimed in the patents-in-suit. Wells Fargo & Company is a holding company possessing no products or services that could possibly infringe.

**Third Defense**

**(Invalidity)**

Each and every claim of the patents-in-suit is invalid for failure to comply with one or more of the requirements for patentability including, without limitation, §§ 101, 102, 103, and/or 112 of Title 35, United States Code

**Fourth Defense**

**(Unclean Hands)**

RMII's claims against Wells Fargo are barred, in whole or in part, by the doctrine of unclean hands.

**Fifth Defense**

**(Patent Misuse)**

RMII is precluded from enforcing the patents-in-suit because it is committing patent misuse by exploiting the patents-in-suit in excess of the rights granted under the patent laws.

**Sixth Defense**

**(Statutory Limitations on Damages and Costs)**

RMII's claims are barred, at least in part, pursuant to 35 U.S.C. § 286 for all events occurring more than six years prior to the filing of the Complaint in this action.

**Seventh Defense**

**(Notice)**

RMII is prohibited from recovering damages for activities alleged to have occurred before RMII gave Wells Fargo actual notice of infringement.

**Eighth Defense**

**(No Basis for Injunctive Relief)**

RMII is not entitled to injunctive relief because any injury to RMII is not immediate or irreparable, RMII has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and the public interest would be disserved by a permanent injunction.

**Ninth Defense**

**(Good Faith)**

Wells Fargo has engaged in all relevant activities and at all relevant times in good faith, thereby precluding RMII, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. §285 for the patents-in-suit.

**Tenth Defense**

**(No Willfulness)**

In accordance with the Court's Order dismissing RMII's willfulness claim (Case No. 1:14-cv-00617, D.I. 51), RMII cannot rely on notice of the charge of infringement gleaned from the complaint. Moreover, RMII cannot establish pre-suit knowledge of the patents or pre-suit notice of RMII's charge of infringement, through any purported unsolicited email offer to sale a portfolio of patents, or otherwise. For at least these reasons RMII cannot maintain a claim of willfulness.

**WELLS FARGO BANK, N.A.'S COUNTERCLAIMS FOR A DECLARATORY JUDGMENT**

As set forth above, Wells Fargo Bank, N.A. and Wells Fargo & Company deny that venue is proper and convenient in District of Delaware. Accordingly, the Counterclaims asserted below in no way constitute a waiver of Wells Fargo's contentions concerning venue or any other defense asserted by Wells Fargo. Thus, subject to and without waiving any of the foregoing defenses,

Wells Fargo Bank, N.A. asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Rothschild Mobile Imaging Innovations, LLC ("RMII"). For its Counterclaims against RMII, Counterclaim Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") states as follows:

## NATURE OF THE ACTION

92. Counterclaim-Plaintiff Wells Fargo repeats and incorporates herein by reference its responses to Paragraphs 1-91 of RMII's Complaint as set forth above.

93. This is an action for a judgment declaring that the claims of the patents-in-suit are invalid and not infringed, either literally or under the doctrine of equivalents, by Wells Fargo's mobile application services or the operation of those services. Copies of the patents-in-suit are attached to RMII's Complaint.

## THE PARTIES

94. Counterclaim-Plaintiff Wells Fargo, N.A. is a national banking association organized and existing under the laws of the State of Delaware with its main office located in Sioux Falls, South Dakota.

95. In its Complaint in this action, Counterclaim-Defendant RMII averred that it is a limited liability company with its principal place of business at 1108 Kane Concourse, Suite 310, Bay Harbor Islands, Florida 33154.

## JURISDICTION AND VENUE

96. Subject to Wells Fargo's affirmative defenses and denials, these Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

97. This Court has personal jurisdiction over RMII because RMII has voluntarily appeared and consented to the jurisdiction of this Court by filing its claim for patent infringement in this action in this judicial district.

98. Subject to Wells Fargo's affirmative defenses and denials, including but not limited to Wells Fargo's denial that venue is proper or convenient, venue is proper as to RMII under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

99. In its Complaint, RMII avers that Wells Fargo Bank, N.A. infringes the patents-in-suit. Wells Fargo Bank, N.A. denies this assertion and requests a judicial declaration that: (i) it does not infringe any valid, enforceable claim of the patents-in-suit; and (ii) the patents-in-suit are invalid. Therefore, pursuant to 28 U.S.C. §2201(a), an actual and justiciable controversy has arisen and exists between Wells Fargo Bank, N.A. and Counterclaim-Defendant RMII concerning the alleged infringement and validity of the patents-in-suit.

100. Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202 (2011), Wells Fargo Bank, N.A. is entitled to a judicial determination and declaration that it has not infringed any valid and enforceable claim of the patents-in-suit and that the referenced patents are invalid for failure to meet the conditions set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIRST COUNTERCLAIM

## (Declaratory Judgment of Non-Infringement)

101. Paragraphs 92-100 are incorporated by reference as if fully set forth herein.

102. On or about July 8, 2015, Counterclaim-Defendant RMII filed its First Amended Complaint for patent infringement asserting that Wells Fargo Bank, N.A. infringes the patents-in-suit.

103. Wells Fargo Bank, N.A. has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of the patents-in-suit,

willfully or otherwise, directly or indirectly, either literally or by application of the doctrine of equivalents.

104. Pursuant to 28 U.S.C. §2201(a), and as a result of Counterclaim-Defendant RMII's allegations against Wells Fargo Bank, N.A., an actual and justiciable controversy has arisen and exists between Wells Fargo Bank, N.A. and RMII regarding RMII's allegations of infringement of the patents-in-suit.

105. Wells Fargo Bank, N.A. is therefore entitled to a judicial determination and declaration that it has not infringed and does not infringe any claim of the patents-in-suit.

## SECOND COUNTERCLAIM

## (Declaratory Judgment of Invalidity)

106. Paragraphs 92-105 are incorporated by reference as if fully set forth herein.

107. The patents-in-suit are invalid due to failure to comply with or meet one or more of the requirements for patentability including, without limitation, §§ 101, 102, 103, and/or 112 of Title 35 of the United States Code

108. Pursuant to 28 U.S.C. § 2201(a), and as a result of Counterclaim-Defendant RMII's allegations against Wells Fargo Bank, N.A., an actual and justiciable controversy has arisen and exists between Wells Fargo Bank, N.A and RMII regarding the validity of the patents-in-suit.

109. Wells Fargo Bank, N.A. is therefore entitled to a judicial determination and declaration that the patents-in-suit are invalid.

## EXCEPTIONAL CASE

110. Paragraphs 92-109 are incorporated by reference as if fully set forth herein.

111. This case is an exceptional case entitling Wells Fargo to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, inter alia,

RMII's actions and assertion of the patents-in-suit against Wells Fargo with the knowledge that the patents-in-suit are non-infringed, invalid, and/or unenforceable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Wells Fargo Bank, N.A. hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Wells Fargo Bank, N.A. respectfully prays for relief as follows:

A. Enter judgment in favor of Wells Fargo Bank, N.A. on all counts and counterclaims;

B. Adjudge, declare, and decree that Wells Fargo Bank, N.A. has not infringed, directly or jointly, has not contributed to infringement by others, and has not induced infringement by others of any valid and enforceable claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise;

C. Adjudge, declare, and decree that the claims of the patents-in-suit are invalid;

D. Dismiss RMII's Complaint with prejudice and order that RMII take nothing from Wells Fargo Bank, N.A.;

E. Award all costs of this case to Wells Fargo Bank, N.A.;

F. Declare this case exceptional under 35 U.S.C. § 285 (or otherwise) and award Wells Fargo Bank its reasonable attorneys' fees, expenses, and costs incurred in this action, along with prejudgment interest; and

G. Award Wells Fargo Bank, N.A. such other and further relief as this Court deems just and proper.

Dated: July 27, 2015

*/s/ Mary B. Matterer*
Mary B. Matterer (I.D. #2696)
Richard K. Herrmann (I.D. #405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com
rherrmann@morrisjames.com

*Attorneys for Defendants Wells Fargo & Company and Wells Fargo Bank, N.A.*

OF COUNSEL:

Robin L. McGrath
Edward J. Benz III
David L. Gann
PAUL HASTINGS LLP
1170 Peachtree Street, Suite 100
Atlanta, Georgia 30309
(404) 815-2400
robinmcgrath@paulhastings.com
joebenz@paulhastings.com
davidgann@paulhastings.com

Naveen Modi
Phillip W. Citroen
PAUL HASTINGS LLP
875 15th Street NW
Washington, D.C. 20005
(202) 551-1700
naveenmodi@paulhastings.com
phillipcitroen@paulhastings.com

Joel C. Lin
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304
(650) 320-1800
joellin@paulhastings.com